FILED
08/13/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**RYAN JAY KING,**
Plaintiff, pro se,

v.

**RADIUS GLOBAL SOLUTIONS LLC,**
Defendant.

**Case No.: 1:26-cv-01686**

## PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT AND PETITION FOR COSTS

COMES NOW the Plaintiff, Ryan Jay King, proceeding pro se, and pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 81(c), respectfully moves this Honorable Court to enter an Order remanding this civil action to the Madison County Circuit Court 5, Plenary Division, State of Indiana, under original Cause No. 48C05-2607-PL-000103. Plaintiff further petitions this Court to order Defendant Radius Global Solutions LLC to pay Plaintiff all just, actual, and out-of-pocket litigation expenses and costs incurred as a direct result of Defendant's improper and untimely removal. In support thereof, Plaintiff respectfully states as follows:

### I. PRECISE CHRONOLOGY OF UNTIMELY REMOVAL

**1.** On June 12, 2026, Plaintiff commenced this action by e-filing a Notice of Small Claim and Verified Complaint in the Madison County Circuit Court, Indiana (Cause No. 48C05-2606-SC-000752), alleging egregious and willful violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

**2.** On June 18, 2026, Defendant Radius Global Solutions LLC was successfully served with the summons and Notice of Small Claim via USPS Certified Mail. This date of service is conclusively noted on the state court's Chronological Case Summary (CCS) on June 25, 2026.

**3.** Pursuant to 28 U.S.C. § 1446(b)(1), Defendant's statutory thirty (30) day deadline to remove this action to federal court began running on June 18, 2026, and expired with absolute certainty on July 18, 2026.

**4.** Defendant failed to file any Notice of Removal on or before July 18, 2026. Instead, Defendant actively submitted itself to state-court jurisdiction by filing a formal Appearance, demanding a Trial by Jury, paying the transfer fee, and successfully prompting the transfer of the action to the Madison County Plenary Docket under Cause No. 48C05-2607-PL-000103.

**5.** Further submitting to state-court authority, Defendant filed a Motion for Automatic Initial Enlargement of Time in state court on July 8, 2026, seeking and receiving a court-ordered extension to move or plead up to and including August 7, 2026.

**6.** On August 5, 2026, Defendant filed an additional Motion to Set Deadline in state court, requesting that the state judge establish a deadline for Plaintiff to file a formal Plenary Complaint and granting Defendant an additional 20 days thereafter to plead.

**7.** In strict compliance with the state court's subsequent administrative order, Plaintiff e-filed his First Amended Plenary Complaint and served a formal Discovery Notice on Defendant's counsel of record on August 10, 2026.

**8.** On August 13, 2026—fifty-six (56) days after receiving the initial pleading and nearly a month after its statutory removal window had completely closed—Defendant e-filed its Notice of Removal in this Court, docketed as Case No. 1:26-cv-01686.

## II. DEFENDANT'S DECEPTIVE ARTICLE III STANDING ARGUMENT IS A LEGAL NULLITY

**9.** In a highly calculated attempt to bypass the strict statutory 30-day removal limit, Defendant argues in its Notice of Removal that the initial Small Claims complaint was "non-removable" because it supposedly failed to allege a "concrete injury" sufficient to establish Article III standing under Seventh Circuit precedent, citing Markakos v. Medicredit, Inc., 997 F.3d 778 (7th Cir. 2021). Defendant asserts that Plaintiff's First Amended Complaint, filed on August 10, 2026, was the first document from which it could ascertain that the case had become removable under 28 U.S.C. § 1446(b)(3).

**10.** This argument is an absolute legal fabrication and has been repeatedly rejected by federal courts. Under 28 U.S.C. § 1331, federal question jurisdiction is established whenever an action "arises under the Constitution, laws, or treaties of the United States." Plaintiff's initial Notice of Small Claim and Verified Complaint explicitly and unambiguously alleged six distinct violations of the FDCPA, 15 U.S.C. § 1692 et seq.—a federal statute. Federal question jurisdiction was thus apparent on the face of the initial pleading on June 12, 2026, making the action immediately removable.

**11.** A corporate defendant is not legally permitted to unilaterally bypass statutory deadlines by conducting its own subjective "Article III standing analysis" of a state-court pleading, deciding to wait, and then claiming a subsequent amendment "reopens" its removal window. State courts have concurrent jurisdiction to resolve FDCPA actions. If Defendant genuinely believed that Plaintiff's initial complaint suffered from a jurisdictional or standing defect, Defendant's proper procedural route was to raise that defense in state court or move to dismiss the action there under Indiana Trial Rule 12(B)(6).

**12.** By waiting until after Plaintiff complied with state-court orders to file a detailed plenary complaint, Defendant is attempting to use its own strategic delays to revive a right of removal that was completely and permanently waived on July 18, 2026. The statutory thirty-day limit in 28 U.S.C. § 1446(b) is strictly construed, and a defendant's failure to file a notice of removal within that period constitutes an absolute waiver of the right of removal.

**13.** Moreover, Defendant's argument places them in a fatal, self-defeating Catch-22. Under 28 U.S.C. § 1447(c), if a federal court determines that it lacks subject-matter jurisdiction, the court cannot dismiss the case with prejudice; instead, "the case shall be remanded" back to state court. If Defendant is correct that the federal court lacks subject-matter jurisdiction due to standing, this Court is legally required to remand the case. If Defendant is incorrect and federal question jurisdiction existed from the start, their removal is untimely by nearly a month. Under either scenario, remand is mandatory.

## III. PETITION FOR ACTUAL EXPENSES AND LITIGATION COSTS

**14.** Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Federal courts routinely award actual expenses when a defendant's removal is procedurally defective or untimely, as is the case here.

**15.** Defendant's untimely removal has forced Plaintiff—a self-represented litigant—to dedicate significant time, manual research, and out-of-pocket expenses to file a formal appearance, draft this Motion to Remand, and compile supporting filings in a federal forum that Defendant has improperly invoked. Because Defendant lacked an objectively reasonable basis for removing this action fifty-six days after service, Plaintiff respectfully requests that the Court's Remand Order

authorize Plaintiff to submit an itemized petition for all actual out-of-pocket litigation expenses and costs incurred as a direct result of Defendant's improper removal.

**WHEREFORE,** Plaintiff Ryan Jay King respectfully moves this Honorable Court to grant this Motion to Remand, enter an Order immediately remanding this action back to the Madison County Circuit Court 5, Plenary Division, State of Indiana, under original Cause No. 48C05-2607-PL-000103; award Plaintiff all just, actual, and out-of-pocket litigation costs and expenses; and grant any other relief this Court deems proper, just, and equitable.

Respectfully submitted,

Dated: August 13, 2026

By: _*/s/ Ryan Jay King*_____________________

Ryan Jay King, Plaintiff pro se

c/o 3060 Montgomery Blvd

Lapel, Indiana 46051

Phone: (317) 827-7109

Email: ryan.king.j@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Remand Action to State Court was served upon Defendant's counsel of record on this 13th day of August, 2026, via electronic mail transmission to the registered email address of counsel for Defendant Radius Global Solutions LLC as listed in their official Notice of Removal:

**Counsel for Defendant Radius Global Solutions LLC:**

Brian D. Roth, Esq.

SESSIONS, ISRAEL & SHARTLE, LLC

3838 N. Causeway Blvd., Suite 2800

Metairie, Louisiana 70002

Phone: (504) 828-3700

Email: broth@sessions.legal

By: _*/s/ Ryan Jay King*_____________________

Ryan Jay King, pro se