**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RYAN JAY KING,<br><br>Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC<br><br>Defendant. | ) | Case No.: 1:26-cv-01686-RLY-TAB |

**RESPONSE IN OPPOSITION TO MOTION TO REMAND**

Radius Global Solutions, LLC ("RGS"), submits this Memorandum in Opposition to the Motion to Remand (Doc. 7). As demonstrated below, this matter was timely and properly removed and the motion should be denied.

**INTRODUCTION**

On June 12, 2026, Plaintiff commenced this action in the Madison County Circuit Court by filing a Notice of Small Claim ("Original Complaint"), Case No. 48C05-2606-PL-000752. *See* Exhibit A (the "Original Complaint") (redacted for materiality). After RGS appeared and timely requested a jury trial, the matter was transferred to the plenary docket as Case No. 48C05-2607-PL-000103, and the state court ordered Plaintiff to file a conforming complaint. *See* Doc. 1-2. Plaintiff filed an Amended Complaint on August 10, 2026, and electronically served it on RGS counsel of record that same day. *See* Doc. 1-3

(the "Amended Complaint"). Three days later, on August 13, 2026, RGS filed its Notice of Removal.

RGS, as the removing party, bears the burden of establishing federal subject-matter jurisdiction, including Article III standing, at the time of removal. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Although Plaintiff's Original Complaint asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., it alleged only statutory violations and did not allege a concrete injury resulting from those violations. Under controlling Seventh Circuit authority, an FDCPA violation, standing alone, does not constitute an injury in fact sufficient to confer Article III standing. *See, e.g., Markakos v. Medicredit, Inc.*, 997 F.3d 778, 781-82 (7th Cir. 2021). Accordingly, the Original Complaint did not establish Article III standing and was not removable at that time.

That changed on August 10, 2026, when Plaintiff filed his Amended Complaint expressly alleging concrete economic and financial injuries caused by RGS's challenged conduct. *Collier* addresses this removal sequence. It holds that when an initial state-court pleading does not establish Article III standing, the case is not removable; but if the plaintiff later amends the complaint to allege an injury in fact, 28 U.S.C. § 1446(b)(3) permits removal at that time. *Collier*, 889 F.3d at 897; *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35-36 (2025) (explaining that federal jurisdiction may turn on the operative amended complaint and recognizing that an amendment can create federal jurisdiction where none previously existed); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 820-21 (7th Cir. 2013) (if an initial pleading is not removable, defendant has 30 days to remove once it

becomes clear that the case is or has become removable). Because Plaintiff's Amended Complaint was the first pleading to allege the concrete injury necessary for Article III standing, it was the pleading from which removability could first be ascertained. Plaintiff served that pleading on August 10, 2026, and RGS removed three days later. Removal was therefore both proper and timely.

## ARGUMENT

The jurisdictionally significant difference between Plaintiff's Original Complaint and his Amended Complaint is the allegation of concrete injury. The Original Complaint asserted six alleged FDCPA violations and characterized the action as one for "Federal Statutory Violations (FDCPA)," but it did not allege that any violation caused Plaintiff an actual economic or otherwise concrete injury. Original Complaint (Exh. A) at p. 1, ¶¶ 12–13. Instead, Plaintiff sought exactly $6,000—$1,000 for each alleged statutory violation,[1] and his prayer for relief repeated that fixed statutory damages demand. *Id*. at p. 3. Although the Original Complaint used the phrase "resulting harms" in the venue allegation, it identified no actual loss, detrimental reliance, economic injury, or other concrete harm resulting from RGS's alleged FDCPA violations. *Id*., ¶ 2.

Those allegations were insufficient, on the face of the Original Complaint, to establish Article III standing. A statutory violation, without a concrete injury resulting from

[1] Setting aside the issue that the FDCPA does not permit recovery per violation. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 380 (7th Cir. 2018) (damages for violation of the FDCPA in § 1692k are limited to actual damages, plus maximum statutory damages of $1,000 per action, not per violation).

that violation, does not confer standing. *See Markakos*, 997 F.3d 778, 781–82 (7th Cir. 2021). Likewise, confusion, stress, or emotional upset arising from a collection communication does not, without more, necessarily establish a concrete injury under Seventh Circuit FDCPA precedent. *See Pennell v. Global Trust Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021); *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 938–39 (7th Cir. 2022). The Original Complaint therefore alleged statutory violations without factual allegations sufficient to establish the concrete injury required for removal to federal court.

The Amended Complaint materially changed the jurisdictional allegations. Plaintiff no longer alleges only statutory violations and a fixed statutory-damages demand. He now expressly seeks "actual damages," alleges "financial harm," asserts that he relied on RGS's challenged representations, alleges "credit distortion," and seeks compensatory damages arising from RGS's alleged conduct. Amended Complaint (Doc. 1-3), Counts I–VII and Prayer for Relief. Most significantly, Plaintiff alleges that "[a]s a direct and proximate result of Defendant's fraudulent concealment," he personally "suffered significant … economic injury." *Id.* ¶ 60. Those allegations supply both the concrete personal harm and causal connection that were absent from the Original Complaint.

The comparison is straightforward:

| **Jurisdictional allegation** | **Original Complaint** | **Amended Complaint** |
|---|---|---|

| | | |
|---|---|---|
| **Nature of claimed injury** | Statutory FDCPA violations; generalized reference to "resulting harms" for venue | Express allegations of actual injury caused by the challenged conduct |
| **Damages theory** | Six alleged statutory violations at $1,000 each, totaling exactly $6,000 | Statutory damages plus actual, compensatory, treble, and punitive damages |
| **Financial injury** | None alleged | Express claim for actual damages for "financial harm" |
| **Reliance/detriment** | None alleged | Allegation that Plaintiff "relied upon" the challenged representations |
| **Credit-related injury** | None alleged | Alleged "credit distortion" |
| **Economic injury** | None alleged | Express allegation that RGS's conduct directly and proximately caused Plaintiff "economic injury" |
| **Causal connection** | No identified concrete harm caused by the alleged FDCPA violations | Alleged direct and proximate causal relationship between RGS's challenged conduct and Plaintiff's claimed injury |

These new allegations are sufficient at the pleading stage to allege a concrete injury for Article III purposes. "At the pleading stage general factual allegations of injury resulting from the defendant's conduct may suffice because, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *LJM Partners, Ltd. v. Barclays Capital, Inc.*, 165 F.4th 552, 565 (7th Cir. 2026)

(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Economic harms are among the 'most obvious' of concrete injuries." *Id*. (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021)). At the pleading and removal stage, RGS need not prove Plaintiff actually sustained the alleged loss. Indeed, RGS denies that Plaintiff suffered any economic, financial, credit-related, or other injury; the jurisdictional point is only that the Amended Complaint now alleges such injuries and attributes them to RGS's challenged conduct.

RGS does not rely on Plaintiff's new allegations of confusion, emotional distress, or mental anguish to establish Article III standing. The Amended Complaint goes materially further by alleging personal economic injury and financial harm caused by RGS's challenged conduct and by seeking actual and compensatory damages for those injuries. Those allegations were absent from the Original Complaint and are sufficient, at the pleading stage, to allege the concrete injury necessary for Article III standing.

The Amended Complaint therefore did more than elaborate on Plaintiff's existing FDCPA theories; it supplied the jurisdictional allegation the Original Complaint lacked: a concrete, personal injury caused by the challenged conduct. That is the precise circumstance contemplated by *Collier*, which explains that when a plaintiff later amends a previously non-removable complaint to allege injury in fact, § 1446(b)(3) permits removal at that time. *Collier*, 889 F.3d at 897. Because Plaintiff's August 10, 2026, Amended Complaint was the first pleading from which Article III standing and removability could be ascertained, RGS's August 13, 2026, Notice of Removal was timely.

## CONCLUSION

Plaintiff's Original Complaint did not allege the concrete injury necessary for Article III standing and therefore was not removable. His August 10, 2026 Amended Complaint supplied that missing jurisdictional allegation and triggered the thirty-day removal period under 28 U.S.C. § 1446(b)(3). RGS removed the action three days later. The removal was therefore timely and proper, and Plaintiff's Motion to Remand should be denied.

Dated: August 18, 2026

Respectfully submitted,

*/s/ Brian D. Roth*

Brian D. Roth, Esq.
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Phone: (504) 828-3700
Facsimile: (504) 828-3737
Email: broth@sessions.legal

*Counsel for Defendant,*
*Radius Global Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, a copy of the foregoing was electronically filed via CM/ECF with the Clerk of Court, United States District Court for the Southern District of Indiana, and was served via electronic mail upon the following:

Ryan Jay King
3060 Montgomery Blvd.
Lapel, IN 46051
Email: ryan.king.j@gmail.com

*/s/ Brian D. Roth*

Brian D. Roth, Esq.