UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN J. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01686-RLY-TAB |
| | ) | |
| RADIUS GLOBAL SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Ryan J. King filed a *pro se* lawsuit against Radius Global Solutions, LLC, in Madison Circuit Court alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Radius removed the action based on federal question jurisdiction three days after Plaintiff filed his amended complaint. Plaintiff argues his case should be remanded because Radius filed its Notice of Removal more than thirty days after he filed his original complaint, in violation of 28 U.S.C. § 1446(b)(1).

Radius, as the removing party, bears the burden of establishing federal subject-matter jurisdiction, including Article III standing, at the time of removal. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Here, although Plaintiff's original complaint (Dkt. 1-1) asserted claims under the FDCPA, it alleged only statutory violations and did not allege a concrete injury sufficient to confer Article III standing. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778, 781–82 (7th Cir. 2021). Therefore, the original complaint was not removable at that time.

Plaintiff filed an amended complaint (Dkt. 1-3) on August 10, 2026, expressly alleging concrete economic and financial injuries caused by Radius's challenged conduct. Thus, under 28 U.S.C. § 1446(b)(3), the removal clock started again. Because Radius removed the action on August 13, 2026, its removal was timely. Plaintiff's Motion to Remand (Dkt. 7) is **DENIED**.

**IT IS SO ORDERED** this 9th day of November 2026.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record and by U.S. Mail to:

Ryan King
3060 Montgomery Blvd.
Lapel, IN 46051