**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RYAN JAY KING,<br><br>Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:26-cv-01686-RLY-TAB |

## CASE MANAGEMENT PLAN

## I. Parties and Representatives

A. Plaintiff: Ryan Jay King
Defendant: Radius Global Solutions, LLC

B. Plaintiff:
Ryan Jay King, pro se
3060 Montgomery Blvd.
Lapel, IN 46051
Phone: (317) 827-7109
Email: ryan.king.j@gmail.com

Defendant:
Brian D. Roth
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Phone: (504) 828-3700
Facsimile: (504) 828-3737
Email: broth@sessions.legal

## II. Jurisdiction and Statement of Claims

A. Jurisdiction is predicated on federal question.

B. Plaintiff Ryan Jay King asserts an eight-count plenary action alleging that Defendant Radius Global Solutions LLC committed willful and deceptive debt collection violations under federal and state law:

1. Continued Collection During Statutory Freeze (15 U.S.C. § 1692g(b)): *On December 23, 2024, Original Creditor American Express received Plaintiff's formal written Notice of Validation Request via USPS Certified Mail (Article #7022 2410 0000 6049 3086). Notwithstanding this binding verification freeze, Defendant repeatedly mailed six (6) collection and settlement demand letters between June 12, 2025, and May 1, 2026, without ever verifying or validating the alleged balance.*

2. Deceptive Corporate Identity Masking (15 U.S.C. § 1692e(10), § 1692e(14), and Ind. Code § 24-5-0.5): *On March 23, April 9, and May 1, 2026, Defendant mailed collection demands completely stripped of Defendant's licensed corporate name ("Radius Global Solutions LLC"), masquerading under the false banner and trademark of "Optima® Card" and American Express, and deceptively routing consumer responses to PO Box 410, Ramsey, NJ 07446.*

3. Tangible Economic and State Law Damages: *Defendant's unlawful collection conduct caused Plaintiff tangible monetary out-of-pocket postage and administrative expenses establishing Article III injury under* Mack v. Resurgent Capital Services, L.P., *70 F.4th 395 (7th Cir. 2023), actual emotional distress, and statutory treble damages of $1,500.00 per violation under the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-4.*

C. Plaintiff mistakenly attributes the three 2026 American Express letters to Defendant. The complained-of letters were sent by American Express. The account had been recalled by American Express and closed with Defendant as of August 29, 2025. Since the alleged misrepresentation is unfounded and it forms the basis of the Indiana state law claims and most of FDCPA claims, the claims are without merit. The only remaining claim concerns the three RGS letters and that his cease and desist notice to Amex served as notice to RGS. The account was placed with Defendant without any indication of dispute or a cease contact request. Notice to a creditor is not imputed to a third-party debt collector under the FDCPA.

## III. <u>Pretrial Pleadings and Disclosures</u>

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 11, 2026**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **December 18, 2026**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **December 27, 2026**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 13, 2027**.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 13, 2027**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 13, 2027**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 10, 2027**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **September 10, 2027**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 13, 2027**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **October 13, 2027**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The parties do not believe the case will require production of a substantial volume of ESI.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Plaintiff:

Defendant: Yes. The evidence will establish that Defendant did not send the three American Express letters and all claims predicated on that allegation fail was a matter of law. The evidence will further establish the Defendant had no notice of dispute or cease and desist and the provision of such notice to American Express is not imputed to Defendant under the FDCPA. *See Zachial v. Cascade Capital, LLC*, 2019 U.S. Dist. LEXIS 167666, *5 (N.D. Ill. Sep. 30, 2019).

B. On or before **June 18, 2027**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

______ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _________ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

__X___ Track 2: Dispositive motions are expected and shall be filed by **July 13, 2027**; non-expert witness discovery and discovery relating to liability issues shall

be completed by **June 11, 2027**; expert witness discovery and discovery relating to damages shall be completed by **November 12, 2027**. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

______ Track 3: Dispositive motions shall be filed by __________ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by __________; expert witness discovery shall be completed by __________. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **August 2027.**

## VI. Trial Date

The parties request a trial date in **January 2028**. The trial is by **jury** and is anticipated to take **two days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX. Other Matters**

None at this time.

*/s/ Brian D. Roth*
Brian D. Roth, Esq.
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Phone: (504) 828-3700
Facsimile: (504) 828-3737
Email: broth@sessions.legal
*Counsel for Defendant,*
*Radius Global Solutions, LLC*

*/s/ Ryan Jay King*
Ryan Jay King, pro se
3060 Montgomery Blvd.
Lapel, IN 46051
Phone: (317) 827-7109
Email: ryan.king.j@gmail.com

********************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON __________ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____________ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) ______________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____________ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_________________ ON ___________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR __________________________________ AT _____.M., ROOM ________________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR ___________________AT ________.M. COUNSEL SHALL APPEAR:<br><br>____________ IN PERSON IN ROOM _______; OR<br><br>____________ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) __________________; OR<br><br>____________ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) __________________; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN ____________________ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**